UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE BARRINGER,

    Plaintiff,                                             Civil Action No. 18-CV-11174

vs.                                                       HON. BERNARD A. FRIEDMAN

KRISTIN WHITWORTH,
BRENDA CARLSON, and
JANETTE PARKER,

    Defendants.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT WHITWORTH'S MOTION TO DISMISS

This matter is presently before the Court on the motion of defendant Whitworth to dismiss the complaint for lack of subject matter jurisdiction [docket entry 23]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a conversion and defamation action. Plaintiff alleges that in early 2018 he entrusted Whitworth with the care of his pregnant dog, a Chinese Crested named Vogue. Whitworth agreed to care for Vogue and her anticipated litter of puppies for a short period of time. While in Whitworth's care, Vogue had three puppies. When plaintiff did not retrieve Vogue and the puppies by the agreed upon date, Whitworth notified plaintiff that she had placed them with Kalamazoo County Animal Services ("KCAS"). The next day, at plaintiff's request, defendant Carlson retrieved the dogs from KCAS and agreed to care for them until plaintiff could pick them up in approximately one week's time. Before plaintiff

did so, Carlson delivered the dogs to defendant Parker, who allegedly refused to return them to plaintiff and instead delivered them to an animal shelter in Canada. Additionally, Parker and Carlson allegedly defamed plaintiff on social media.

Count 1 of the complaint asserts a conversion claim against all three defendants. Counts 2 and 3 assert claims against Whitworth and Carlson for "claim and delivery" and breach of contract. Counts 4, 5, and 6 assert claims against Parker for defamation, tortious interference with a business relationship, and intentional infliction of emotional distress. Jurisdiction allegedly is based on diversity of citizenship, as plaintiff is a resident of Arkansas, defendants are residents of Michigan, and more than $75,000 is in controversy.

In challenging jurisdiction, Defendant Whitworth argues that plaintiff is not a resident of Arkansas and that the jurisdictional amount is not met as to her. The Court need not decide where plaintiff resides, as the motion is easily decided based on the amount in controversy.

The value of plaintiff's claim against Whitworth is essentially nil. According to the complaint, Whitworth delivered the dogs to KCAS on March 12 and Carlson, at plaintiff's request, retrieved them the next day. As Carlson was acting as his agent, plaintiff constructively regained possession of Vogue and her puppies after a single day. Assuming that Whitworth is liable to plaintiff on any or all of the claims he asserts against her (i.e., conversion, claim and delivery, or breach of contract), the damages flowing from this one-day deprivation is de minimis and plainly does not begin to approach the jurisdictional

threshold. As noted, plaintiff does not allege that Whitworth defamed him.

Plaintiff argues that the $75,000 threshold is met because Parker gave the dogs to a Canadian shelter, because Parker and Carlson defamed him on Facebook, and because he has incurred substantial attorney fees. Assuming that these claims against these other defendants could reasonably be deemed to have a value exceeding $75,000, these amounts may not be aggregated to meet the jurisdictional minimum. Aggregation of claims by a single plaintiff against multiple defendants is permitted only when the claims are closely related and give rise to joint liability. *See Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001); and *Chabrowski v. Litwin*, No. CV-16-03766-PHX-DLR, 2017 WL 2462484, at *1 (D. Ariz. June 7, 2017). When the claims against various defendants are separate and distinct, "the test of jurisdiction is the amount of each separate claim and not the aggregate amount of the claims." *Lohden v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-CV-00138-GNS, 2017 WL 990465, at *1 (W.D. Ky. Mar. 14, 2017) (quoting *Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 977 (6th Cir. 1945)). *See also Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 373 (6th Cir. 2014) (reaffirming *Fechheimer* as stating the "settled general rule.").

In the present case, there is no legal or logical connection between Whitworth's actions and those of Carlson and Parker. Whitworth's alleged interference with plaintiff's rights to the dogs ended the moment Carlson retrieved them from KCAS, and Carlson's/Parker's subsequent interference with plaintiff's rights to the dogs had nothing to do with what Whitworth had done previously. Nor is there any conceivable connection

3

between Whitworth and the defamation allegedly committed by Carlson and Parker. In short, the claims against Whitworth are separate and distinct from those against Carlson and Parker, and there would be no basis for holding Whitworth liable for the actions of the other defendants. Therefore, it would be entirely inappropriate for the Court to exercise jurisdiction over plaintiff's claims against Whitworth on the grounds that the value of plaintiff's claims against Carlson and Parker is jurisdictionally sufficient. Accordingly,

IT IS ORDERED that defendant Whitworth's motion to dismiss is granted.

IT IS FURTHER ORDERED that defendant Whitworth's motion for summary judgment is denied as moot.

Dated: May 31, 2018  s/Bernard A. Friedman
Detroit, Michigan  BERNARD A. FRIEDMAN
 SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2018.

 s/Johnetta M. Curry-Williams
 Case Manager