UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE BARRINGER,

       Plaintiff,                               Civil Action No. 18-CV-11174

vs.                                         HON. BERNARD A. FRIEDMAN

KRISTIN WHITWORTH,
BRENDA CARLSON, and
JANETTE PARKER,

       Defendants.
_____/

## CORRECTED
## OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
## MOTION FOR DEFAULT JUDGMENT AND/OR SUMMARY JUDGMENT

## and

## NOTICE OF HEARING

This matter is presently before the Court on plaintiff's motion for default judgment and/or summary judgment [docket entry 65]. Defendants have not responded to this motion and the time for them to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is, for the most part, a conversion and defamation action. Plaintiff alleges that in early 2018 he entrusted defendant Whitworth with the care of his pregnant dog, a Chinese Crested named Vogue. Whitworth agreed to care for Vogue and her anticipated litter of puppies for a short period of time. While in Whitworth's care, Vogue had three

puppies.  When plaintiff did not retrieve Vogue and the puppies by the agreed upon date, Whitworth notified plaintiff that she had placed them with Kalamazoo County Animal Services ("KCAS").  The next day, at plaintiff's request, defendant Carlson retrieved the dogs from KCAS and agreed to care for them until plaintiff could pick them up in approximately one week's time.  Before plaintiff did so, Carlson delivered the dogs to defendant Parker, who allegedly refused to return them to plaintiff and instead delivered them to an animal shelter in Canada.  Additionally, Parker and Carlson allegedly defamed plaintiff on social media.  In approximately mid-May, one month after filing the complaint, plaintiff succeeded in retrieving Vogue and two of the puppies from the Canadian shelter.

Count 1 of the complaint asserts a conversion claim against all three defendants.  Counts 2 and 3 assert claims against Whitworth and Carlson for "claim and delivery" and breach of contract.  Counts 4, 5, and 6 assert claims against Parker for defamation, tortious interference with a business relationship, and intentional infliction of emotional distress.  Jurisdiction is based on diversity of citizenship.  The Court has dismissed the complaint as to Whitworth due to the amount in controversy being insufficient as to her. The Court has denied the motions to dismiss filed by defendants Carlson and Parker.

In the instant motion, plaintiff seeks a default judgment or, alternatively, summary judgment as to defendants Carlson and Parker on all of the claims he has asserted against them.  These defendants are clearly in default.  Defendant Carlson was served with process on May 18, 2018, and the Clerk entered her default on June 11.  Defendant Parker was served with process on April 14, 2018, and the Clerk entered her default on May 8.

These defendants have not answered the complaint[1] or taken any action to have their defaults set aside. Nor, as noted, have defendants responded to the instant motion. On June 13, 2018, each of these defendants did file an untimely motion to dismiss, but the Court denied those motions on July 3.

Under these circumstances, plaintiff is plainly entitled to a default judgment as to defendants Carlson and Parker. Because the Court shall grant a default judgment as to both defendants, the Court need not decide whether summary judgment would be appropriate. Having defaulted, and having failed to have their defaults set aside (or even request that their defaults be set aside), defendants have "no further standing to contest the factual allegations of plaintiff's claim for relief." 10A C. Wright & A. Miller, *Federal Practice and Procedure* § 2688.1, p. 91 (2016). Defendants' liability is established, and the only issue remaining to be determined is "the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). Accordingly,

IT IS ORDERED that plaintiff's motion for default judgment and/or summary

---

[1] Parker did file an answer to the complaint on May 11, 2018. By then, however, the time for her to answer had expired and the Clerk had entered her default. Parties are not free to ignore deadlines set by court rules. Under Fed. R. Civ. P. 12(a)(1)(A)(i), Parker was required to answer the complaint within 21 days after being served with process. Since she was served on April 14, her answer was due by May 7 (the first business day after the 21st day after service). Her default was entered on May 8 and she filed her answer on May 11. If a party cannot, or neglects to, meet a court-required filing deadline, he/she must seek the Court's permission under Fed. R. Civ. P. 6(b) to extend the deadline and allow the late filing. Parker did not seek such permission but simply filed her answer late, which she was not permitted to do. The filing of a late answer has no effect on the clerk's default which, as noted, Parker has not sought to set aside.

judgment is granted in part and denied in part as follows: the motion for default judgment is granted as to both defendant Carlson and defendant Parker, but plaintiff's alternative motion for summary judgment is denied.

IT IS FURTHER ORDERED that the Court shall conduct a hearing in Courtroom 100 of the Theodore Levin United States Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan on September 4, 2018, at 9:00 a.m. to determine the amount of damages to which plaintiff is entitled.

Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: 7/27/2018
   Detroit, Michigan