UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE BARRINGER,

    Plaintiff,                                      Civil Action No. 18-CV-11174

vs.                                                     HON. BERNARD A. FRIEDMAN

KRISTIN WHITWORTH,
BRENDA CARLSON, and
JANETTE PARKER,

    Defendants.
_____/

## **OPINION AND ORDER DENYING DEFENDANT WHITWORTH'S MOTION FOR ATTORNEY FEES AND EXPENSES**

This matter is presently before the Court on the motion of defendant Kristin Whitworth for attorney fees and expenses [docket entry 59]. Plaintiff has filed a response and Whitworth has filed a reply. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is, for the most part, a conversion and defamation action. Plaintiff alleges that in early 2018 he entrusted Whitworth with the care of his pregnant dog, a Chinese Crested named Vogue. Whitworth agreed to care for Vogue and her anticipated litter of puppies for a short period of time. While in Whitworth's care, Vogue had three puppies. When plaintiff did not retrieve Vogue and the puppies by the agreed upon date, Whitworth notified plaintiff that she had placed them with Kalamazoo County Animal Services ("KCAS"). The next day, at plaintiff's request, defendant Brenda Carlson retrieved the dogs from KCAS and agreed to care for them until plaintiff could pick them up in approximately one week's time. Before plaintiff did so, Carlson delivered the dogs to defendant Janette Parker, who allegedly refused to return them to plaintiff and instead delivered

them to an animal shelter in Canada. Additionally, Parker and Carlson allegedly defamed plaintiff on social media. In approximately mid-May, one month after filing the complaint, plaintiff succeeded in retrieving Vogue and two of the puppies from the Canadian shelter. The third puppy, apparently, is still unaccounted for.

Count 1 of the complaint asserts a conversion claim against all three defendants. Counts 2 and 3 assert claims against Whitworth and Carlson for "claim and delivery" and breach of contract. Counts 4, 5, and 6 assert claims against Parker for defamation, tortious interference with a business relationship, and intentional infliction of emotional distress. Jurisdiction is based on diversity of citizenship.

The Court dismissed the complaint as to Whitworth because the amount in controversy is insufficient as to her. In its opinion granting Whitworth's motion to dismiss, the Court stated:

> In challenging jurisdiction, Defendant Whitworth argues that plaintiff is not a resident of Arkansas and that the jurisdictional amount is not met as to her. The Court need not decide where plaintiff resides, as the motion is easily decided based on the amount in controversy.
>
> The value of plaintiff's claim against Whitworth is essentially nil. According to the complaint, Whitworth delivered the dogs to KCAS on March 12 and Carlson, at plaintiff's request, retrieved them the next day. As Carlson was acting as his agent, plaintiff constructively regained possession of Vogue and her puppies after a single day. Assuming that Whitworth is liable to plaintiff on any or all of the claims he asserts against her (i.e., conversion, claim and delivery, or breach of contract), the damages flowing from this one-day deprivation is de minimis and plainly does not begin to approach the jurisdictional threshold. As noted, plaintiff does not allege that Whitworth defamed him.
>
> Plaintiff argues that the $75,000 threshold is met because Parker gave the dogs to a Canadian shelter, because Parker and

> Carlson defamed him on Facebook, and because he has incurred substantial attorney fees. Assuming that these claims against these other defendants could reasonably be deemed to have a value exceeding $75,000, these amounts may not be aggregated to meet the jurisdictional minimum. Aggregation of claims by a single plaintiff against multiple defendants is permitted only when the claims are closely related and give rise to joint liability. *See Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001); and *Chabrowski v. Litwin*, No. CV-16-03766-PHX-DLR, 2017 WL 2462484, at *1 (D. Ariz. June 7, 2017). When the claims against various defendants are separate and distinct, "the test of jurisdiction is the amount of each separate claim and not the aggregate amount of the claims." *Lohden v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-CV-00138-GNS, 2017 WL 990465, at *1 (W.D. Ky. Mar. 14, 2017) (quoting *Fechheimer Bros. Co. v. Barnwasser*, 146 F.2d 974, 977 (6th Cir. 1945)). *See also Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 373 (6th Cir. 2014) (reaffirming *Fechheimer* as stating the "settled general rule.").
>
> In the present case, there is no legal or logical connection between Whitworth's actions and those of Carlson and Parker. Whitworth's alleged interference with plaintiff's rights to the dogs ended the moment Carlson retrieved them from KCAS, and Carlson's/Parker's subsequent interference with plaintiff's rights to the dogs had nothing to do with what Whitworth had done previously. Nor is there any conceivable connection between Whitworth and the defamation allegedly committed by Carlson and Parker. In short, the claims against Whitworth are separate and distinct from those against Carlson and Parker, and there would be no basis for holding Whitworth liable for the actions of the other defendants. Therefore, it would be entirely inappropriate for the Court to exercise jurisdiction over plaintiff's claims against Whitworth on the grounds that the value of plaintiff's claims against Carlson and Parker is jurisdictionally sufficient.

*Barringer v. Whitworth*, Civil Action No. 18-cv-11174 (E.D. Mich. May 31, 2018) (Op. and Order Granting Def. Whitworth's Mot. to Dismiss, pp. 2-4).

In the motion now before the Court, Whitworth argues that plaintiff should not have named her in this "vindictive and frivolous lawsuit" and that he and his attorney should be required to reimburse her for the attorney fees and costs she has incurred in defending it. Def.'s Mot. at 2.

She states that she "has incurred a colossal amount of legal fees and costs for having to defend this matter and justice demands that Plaintiff and his counsel should be ordered to pay [her] attorney fees and costs." Def.'s Br. at 8. She seeks $19,950 in attorney fees, $986.19 in costs, plus whatever attorney fees and costs she incurs in connection with this motion. *See* Bruch Aff. at 11; Def.'s Reply at 7.

Under Fed. R. Civ. P. 54(d)(1), costs are awardable as a matter of course to a prevailing party. However, the procedure a prevailing party must follow is to seek costs by presenting a bill of costs to the Clerk of Court. *See* E.D. Mich. LR 54.1. If the party seeking costs is unsatisfied with the costs awarded by the Clerk, that party may file a motion with the Court to "review the clerk's action." Fed. R. Civ. P. 54(d). *See also* 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2679, pp. 493-95 (2014) ("After costs have been fixed by the clerk, a motion may be made for the judicial review of the clerk's action. . . . [N]othing normally can come before the court until the clerk has acted and an objection has been made."). Therefore, defendant's motion is denied without prejudice to the extent she seeks costs.[1]

Defendant argues she is entitled to attorney fees under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and/or the Court's inherent authority because, in short, "[p]laintiff's inclusion of [her] in this case despite the fact that she did not have the dogs and that there were no damages to support the amount in controversy, constitutes 'aggressive tactics that far exceed zealous advocacy.'" Def.'s Br. at 8. While the Court is not unsympathetic to defendant's argument, the Court must decline to

---

[1] In addition to "costs," Def.'s Mot. at 2, Def.'s Br. at 3, defendant also seeks "nontaxable expenses." Pl.'s Br. at 4. In defendant's itemization of costs, taxable costs and nontaxable expenses are intermingled. *See* Bruch Aff. at 10-11. If defendant wishes to seek an award of nontaxable expenses, she must file a motion that does not intermingle nontaxable expenses with taxable costs.

impose sanctions against plaintiff or his attorney for naming her in this lawsuit.

First, Rule 11 sanctions are unavailable due to defendant's failure to comply with that rule's 21-day "safe harbor" provision. *See Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997).

Second, the Court does not find that naming Whitworth was either objectively unreasonable or done in bad faith. Under § 1927, sanctions may be imposed against an attorney when there is "some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987). This is an objective inquiry: "Fees may be assessed without a finding of bad faith, 'at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Ridder*, 109 F.3d at 298 (6th Cir. 1997) (quoting *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir.1986)). The Court also has inherent authority to impose sanctions

> "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers*, 501 U.S. at 45–46, 111 S.Ct. 2123 (internal quotation marks omitted), or when the conduct is "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). We apply a three-part test from *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir.1997), to determine whether the district court's imposition of sanctions under the bad faith standard was proper. *BDT Prods.*, 602 F.3d at 752. This test requires the district court to find "[1] that 'the claims advanced were meritless, [2] that counsel knew or should have known this, and [3] that the motive for filing the suit was for an improper purpose such as harassment.'" *Id.* (quoting *Big Yank*, 125 F.3d at 313).

*Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

The Court dismissed the complaint against Whitworth on the grounds that the jurisdictional amount was not met as to her because she caused plaintiff to be deprived of his dogs for only one day. Nonetheless, a good faith argument could be made that the value of the claims against the other defendants may be aggregated to exceed the jurisdictional minimum. As the Court noted in its May 31 opinion, such aggregation is permitted if the claims against the various defendants are closely related. Op. at 3. While the Court ruled that "there is no legal or logical connection between Whitworth's action and those of Carlson and Parker," *id.*, a good faith argument could be made that the actions of all three defendants were not separate and distinct but rather part of the same transaction or occurrence such that aggregation is permissible. Certainly, the dogs would not have ended up in Canada if Whitworth had not delivered them to KCAS. Whitworth started a chain reaction of events which, in total, appear to have a value that easily exceeds the Court's jurisdictional minimum. Under these circumstances, the inclusion of Whitworth in this lawsuit was not sanctionable under § 1927 or the Court's inherent authority. Accordingly,

IT IS ORDERED that defendant Whitworth's motion for attorney fees and expenses is denied.

Dated: 7/27/2018  
    Detroit, Michigan

S/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE