UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE BARRINGER,

    Plaintiff,                                   Civil Action No. 18-CV-11174

vs.                                            HON. BERNARD A. FRIEDMAN

KRISTEN WHITWORTH, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT
## PARKER'S MOTION TO SET ASIDE DEFAULT JUDGMENT

This matter is presently before the Court on defendant Janet Parker's motion [docket entry 70] to set aside the default judgment entered against her on July 27, 2018. Plaintiff has not responded to this motion, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

On plaintiff's request, the Clerk entered Parker's default on May 8, 2018, based on plaintiff's counsel's affidavit that Parker had been served with process on April 14, 2018, and that she had not answered or defended. That averment, in turn, was based on a process server's affidavit that he personally served defendant with process on April 14, 2018, at 4:25 p.m. at an address in Jackson, Michigan. Defendant claims that she was not, and could not have been, served on that date in Jackson because she "was out of town at a dog show in Dayton Ohio from that morning until April 15th." Def.'s Mot. at 1. Defendant points to a Facebook message she received from plaintiff's counsel on April 16, 2018, stating that "[y]ou will be receiving formal service of the lawsuit." Defendant indicates that she was served with process on April 21, in which event, if true, her May 11 answer to the complaint was timely.

Defendant further claims that she did not receive a copy of the Clerk's default, although that document bears a proof of service by a deputy clerk "certify[ing] that on this date a copy of the foregoing notice was served upon the parties and/or counsel of record herein by electronic means or first class U.S. mail." Nor, she says, did she receive a copy of plaintiff's July 2, 2018, motion for default judgment, although it bears a proof of service stating that a copy was mailed to her at both of her Jackson addresses and emailed to her at two email addresses. To support this claim, defendant attaches a photocopy of an envelope (addressed to her at one of her Jackson addresses) from plaintiff's counsel with a postage stamp dated July 17, 2018. Defendant states that she first learned of the Clerk's default on July 28, 2018, when she received a copy of the Court's July 27 opinion and order granting plaintiff's July 2 motion for default judgment.

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Under Rule 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including mistake, inadvertence, or excusable neglect. In the present case, the validity of the default judgment depends on the validity of the Clerk's default which, in turn, depends on the accuracy of the process server's affidavit that he served Parker on April 14. As noted, Parker claims that she was in Dayton on that date. She also notes that plaintiff's counsel's Facebook message to her on April 16 indicated that she would be receiving "formal service" shortly, which implies that she had not yet been served as of that date.

Defendant has produced at least some evidence that she was not served until April 21. Plaintiff, by failing to respond to the instant motion, has shown nothing to the contrary. This being the case, the Court concludes that defendant's May 11 answer was timely and that she should

not have been defaulted.  The Court shall therefore set aside the Clerk's default entered against defendant and vacate the default judgment entered against her.  The September 4, 2018, damages hearing is canceled.  Plaintiff and defendant shall submit a joint discovery plan in accordance with Fed. R. Civ. P. 26(f) within thirty days of the date of this order.

      SO ORDERED.


Dated:  August 27, 2018        s/Bernard A. Friedman
Detroit, Michigan             BERNARD A. FRIEDMAN
                                    SENIOR UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 27, 2018.

                                    s/Johnetta M. Curry-Williams
                                      Case Manager