UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE BARRINGER,

        Plaintiff,                              Civil Action No. 18-CV-11174

vs.                                        HON. BERNARD A. FRIEDMAN

KRISTEN WHITWORTH, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter is presently before the Court on plaintiff's motion for reconsideration [docket entry 72] of the Court's order granting defendant Parker's motion to set aside the default judgment entered against her on July 27, 2018. Pursuant to E.D. Mich. LR 7.1(h)(2), the Court shall decide this motion without a hearing.

The Court's order granting Parker's motion stated in its entirety as follows:

On plaintiff's request, the Clerk entered Parker's default on May 8, 2018, based on plaintiff's counsel's affidavit that Parker had been served with process on April 14, 2018, and that she had not answered or defended. That averment, in turn, was based on a process server's affidavit that he personally served defendant with process on April 14, 2018, at 4:25 p.m. at an address in Jackson, Michigan. Defendant claims that she was not, and could not have been, served on that date in Jackson because she "was out of town at a dog show in Dayton Ohio from that morning until April 15th." Def.'s Mot. at 1. Defendant points to a Facebook message she received from plaintiff's counsel on April 16, 2018, stating that "[y]ou will be receiving formal service of the lawsuit." Defendant indicates that she was served with process on April 21, in which event, if true, her May 11 answer to the complaint was timely.

Defendant further claims that she did not receive a copy of the Clerk's default, although that document bears a proof of service by a deputy clerk "certify[ing] that on this date a copy of the foregoing

notice was served upon the parties and/or counsel of record herein by electronic means or first class U.S. mail." Nor, she says, did she receive a copy of plaintiff's July 2, 2018, motion for default judgment, although it bears a proof of service stating that a copy was mailed to her at both of her Jackson addresses and emailed to her at two email addresses. To support this claim, defendant attaches a photocopy of an envelope (addressed to her at one of her Jackson addresses) from plaintiff's counsel with a postage stamp dated July 17, 2018. Defendant states that she first learned of the Clerk's default on July 28, 2018, when she received a copy of the Court's July 27 opinion and order granting plaintiff's July 2 motion for default judgment.

Under Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Under Rule 60(b)(1), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for various reasons, including mistake, inadvertence, or excusable neglect. In the present case, the validity of the default judgment depends on the validity of the Clerk's default which, in turn, depends on the accuracy of the process server's affidavit that he served Parker on April 14. As noted, Parker claims that she was in Dayton on that date. She also notes that plaintiff's counsel's Facebook message to her on April 16 indicated that she would be receiving "formal service" shortly, which implies that she had not yet been served as of that date.

Defendant has produced at least some evidence that she was not served until April 21. Plaintiff, by failing to respond to the instant motion, has shown nothing to the contrary. This being the case, defendant's May 11 answer was timely and she should not have been defaulted. The Court shall therefore set aside the Clerk's default entered against defendant and vacate the default judgment entered against her. The September 4, 2018, damages hearing is canceled. Plaintiff and defendant shall submit a joint discovery plan in accordance with Fed. R. Civ. P. 26(f) within thirty days of the date of this order.

Plaintiff seeks reconsideration on the following grounds: (1) he did not respond to

Parker's motion because it was entitled a "request," not a motion, and he is not allowed to respond

to requests, but since the Court deemed the request to be a motion, he should be permitted to respond

now; (2) Parker was not entitled to vacation of the default judgment because she failed to prove (a) an absence of culpable conduct for the default, (b) absence of prejudice to the other side, and (c) a meritorious defense; (3) Parker was properly defaulted because, according to the process server's affidavit, she was served on April 14, and she has not proved otherwise; (4) Parker had notice of, but neglected to respond to, his motion for default judgment; (5) Parker has no defense to any of the claims he has filed against her; and (6) he will be prejudiced if the default is set aside.

The Court finds no merit in plaintiff's arguments. The mere fact that Parker entitled her filing "defendant Parker's request to set aside default judgement," and not a "motion" for this relief, is irrelevant. It is the content of the filing that matters, not the label,[1] and at pp. 2-3 Parker plainly "ask[ed] the court to set aside the default judgment, and subsequent motion for default judgment as well." The Supreme Court has directed lower courts to view pro se filings less stringently than those submitted by counsel, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and it should have been apparent to plaintiff that Parker was requesting relief the Court was authorized to grant under Fed. R. Civ. P. 55(c). Plaintiff chose not to respond to Parker's motion, and the result of this choice was, in effect, a concession on his part that Parker's answer was timely and that the clerk's default and default judgment were entered erroneously. As the "request vs. motion" issue is plaintiff's only explanation for failing to respond to Parker's motion, plaintiff has not shown excusable neglect for the failure, as required by Fed. R. Civ. P. 6(b)(1)(B), and the Court

---

[1] The Court directs counsel's attention to Fed. R. Civ. P. 7(b)(1), which states that "[a] request for a court order must be made by motion" and that a motion must be in writing, state the supporting grounds, and state the relief sought. While it is customary for parties to use the word "motion" when seeking a court order, the Court is not aware of any rule requiring the use of this word in the title or elsewhere in the filing. Nor is the Court aware of any rule that prohibits a party from responding to a motion that uses the word "request" in the title instead of "motion."

therefore may not permit him to respond to that motion now.

The Court also rejects plaintiff's argument that the Court should not have granted Parker's motion because she failed to "prove (1) an absence of culpable conduct for the default, (2) absence of prejudice to the plaintiff, and (3) a meritorious defense." Pl.'s Mot. at 1 and 5, citing *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). These factors have no role to play in the present case. In *Waifersong*, defendants did not seek to vacate the default judgment until months after damages had been determined and plaintiff had begun to enforce the judgment. Additionally, the district court found that defendants were properly served with process and that they were fully aware of the litigation but "deliberate[ly] disregard[ed] . . . the proceedings pending against them." *Id.* at 291. In the present case, defendant claims that she could not have been served on April 14 because she was out of town that day and the next. It is true that Parker did not support this statement with an affidavit or other evidence, and if plaintiff had noted this in a timely response to her motion, the Court may have ruled on the motion differently. But, as noted, plaintiff did not respond to Parker's motion, which left her allegations, even if unauthenticated, unchallenged.

Under these circumstances, there is no need to consider whether plaintiff would be prejudiced by setting aside the default or whether defendant has a meritorious defense, as the default lacked foundation. Nor is it relevant that Parker "was well aware of the suit as of April 17th," because she showed up for the hearing the Court noticed on that date," Pl.'s Mot. at 2, as she had to respond "within 21 days after being served with the summons and complaint," not within any number of days after becoming aware of the lawsuit. Likewise, the fact that Parker did not respond to plaintiff's motion for default judgment is irrelevant, as the premise for that motion was Parker's failure to file

a timely answer, and the Court has found that premise to be false.

For these reasons, the Court concludes that plaintiff has failed to show any error in the Court's decision to grant defendant Parker's motion to set aside the default judgment entered against her. Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration is denied.

Dated: September 6, 2018          s/Bernard A. Friedman
Detroit, Michigan                 BERNARD A. FRIEDMAN
                                  SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 6, 2018.

                                  s/Johnetta M. Curry-Williams
                                  Case Manager