# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

**JESSIE BARRINGER,**
    Plaintiff,

**CASE NO.: 18-cv-11174**

v.

**KRISTIN WHITWORTH,**
**BRENDA CARLSON, and**
**JANETTE PARKER,**
    Defendants.

**Hon. Bernard A. Friedman**

## ATTORNEY COLLIN H. NYEHOLT'S MOTION TO WITHDRAW AS COUNSEL

NOW COMES Collin H. Nyeholt, counsel of record for the Plaintiff Jessie Barringer who, in support of his motion, states as follows:

1. There has been a breakdown in the attorney-client relationship and professional considerations require counsel to withdraw from the representation.

2. Mr. Barringer has been made aware of the nature of this breakdown. He has been given an opportunity to correct circumstances. He has been made aware that withdrawal will result if he does not correct same. He was given more than two months to correct the underlying issues and has failed to do so. He has expressed that he is aware withdrawal will result if the issues are not corrected and has failed to do so.

1

3.      The Law Offices of Casey D. Conklin will agree to provide Mr. Barringer with his case file and materials and cooperate in easing the transition.

4.      There are no unearned attorney's fees that have been received from Mr. Barringer which must now be refunded.

5.      Mr. Barringer has been advised of the status of his case.

6.      Though admittedly an inconvenience, it is believed that withdrawal at this time will not unduly prejudice Mr. Barringer in pursuing his claim.  As there is not presently a Case Management Order in place, withdrawal will not impact the Court's scheduling or disposition of the case.

7.      Plaintiff contacted Defendant Parker (the last remaining, non-defaulted Defendant) and sought concurrence, pursuant to Local Rule 7.1(a), and she has indicated that she will not oppose the motion.

WHEREFORE Plaintiff's Counsel, Collin H. Nyeholt of the Law Offices of Casey D. Conklin, hereby MOVES this Honorable Court to:

1. DISMISS him, and his firm, as counsel for the Plaintiff, and
2. Provide Mr. Barringer sufficient time to secure alternate counsel or order that he may proceed with his claims *in pro per*.

Respectfully Submitted,

Dated:  2/4/19

\_\_\_\_/s/_____
Collin H. Nyeholt (P74132)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JESSIE BARRINGER,
    Plaintiff,                        CASE NO.:  18-cv-11174

v.

KRISTIN WHITWORTH,            Hon. Bernard A. Friedman
BRENDA CARLSON, and
JANETTE PARKER,
    Defendants.

**BRIEF IN SUPPORT OF ATTORNEY COLLIN H. NYEHOLT'S MOTION TO WITHDRAW AS COUNSEL**

Federal Courts may, but are not required to, apply state professional conduct standards to attorneys practicing before them. *See, eg Resolution Trust Corp. v. Bright,* 6 F.3d 336, 341 (5th Cir. 1993). Federal courts often apply the ethical rules and standards adopted by the state in which the Court sits. *See* Restatement (Third) of the Law Governing Lawyers § 1 cmt. b (2000). Except as otherwise provided by Court Rule, the federal court adopts the rules of professional conduct from the state in which the court sits. Model Fed. Rules of Disciplinary Enforcement, R. IV(B) (1978). The Michigan Rules of Professional Conduct

3

govern an attorney's withdrawal from representation. Particularly, MRPC 1.16(b) provides, in pertinent part, that

> after informing the client that the lawyer cannot do so without permission from the tribunal for the pending case, a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if … the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfill [or if] the representation will result in unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client [or] other good cause for withdrawal exists.

However, the MRPC 1.16(d) provides that when terminating representation "reasonable steps to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee that has not been earned." Indeed, Rule 1.6 provides that attorneys must keep confidential information provided by their clients in the representative capacity, and this obligation survives the attorney client relationship even after its termination. While good reason may exist to withdraw, the client's interests may be prejudiced if the withdrawing attorney discloses them on the record and to the other side. The Comment to MRPC 1.16 seeks to reconcile this conflict by providing that

> [t]he court may wish an explanation for the withdrawal, while the lawyer may be bound to keep confidential the facts that would

4

constitute such an explanation. ***The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient***. (*Emphasis* added.)

On November 13, 2018 Attorney Nyeholt drafted and transmitted a detailed, written warning to Barringer. Without providing potentially prejudicial details in this pleading, Nyeholt particularly advised Barringer of the reasons for proposing withdrawal, advised that "[w]e cannot withdraw without permission from the Court for your pending case," and told him that the firm would move to withdraw on November 30, 2018 if the problems were not remedied. This lead to a series of conversations between Barringer and Nyeholt. At Barringer's request, Nyeholt afforded him until December 30th to address the issue, and then until January 30th. On February 1, 2019 Nyeholt and Barringer exchanged correspondence regarding Nyeholt's proposed motion to withdraw and the reasons therefore. As of today, February 4, 2019, Barringer still has not remedied Nyeholt's stated concerns.

Withdrawal may be accomplished with material adverse effect upon Barringer's claim. There is, at present, no scheduling order in place with the Court. The Court, then, will not be required to amend deadlines or change its calendar to accommodate Nyeholt's withdrawal. Barringer may secure alternate counsel, or proceed *pro per*.

Nyeholt affirms that professional considerations require the termination of the representation and that good cause exists for the withdrawl in conformance

5

with MRPC 1.16(b).  Nyeholt fears that providing any more specificity than that may prejudice Barringer's ability to prosecute the claim after his withdrawal and result in disclosure of client confidences, and prays the Court not to require a more detailed explanation than that.  However, should the Court require more, Nyeholt will request an *in camera* discussion to do so.

                                    Respectfully Submitted,

Dated:  2/4/19                                __/s/_____
                                                 Collin H. Nyeholt (P74132)

## Certificate of Service

I, the undersigned, do hereby affirm that on today's date the attached document was served upon all parties of record via the Court's ECF system and upon the following individuals via the following means:

Defendant Janette Parker via first class mail to 112 W Porter Street, Jackson, MI 49202;

Defendant Janette Parker via first class mail to 939 George, Jackson, MI 49202;

Defendant Janette Parker via email to dogworks@yahoo.com and dogworks@aol.com, zombiebrains911@yahoo.com[1];

Defendant Brenda Carlson via first class mail to 9173 E CD Ave, Richmond, MI 49083;

Defendant Brenda Carlson via email to heropets4herovets@live.com.

Plaintiff Jessie Barringer was served via email and first class mail, at the addresses most recently used to contact him.

Dated:  2/4/2019                                          __/s/_____
                                                                              Collin H. Nyeholt

---

[1] Parker has never apprised the Court of any change to her email address, despite the Court's Order to apprise of changes in contact information.  (RE 46).  However, Plaintiff recently received correspondence from Ms. Parker from this email address. Therefore, it is known that she uses this address as well.